UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT MODRALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:14-cv-327 |
| | ) (REEVES/GUYTON) |
| v. | ) |
| | ) |
| HON. CURTIS COLLIER, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 12], which was filed in this case on June 30, 2015. For the reasons more fully stated below, the Court **DENIES** the Plaintiff's Application [Doc. 12] and **RECOMMENDS** that the case not be reopened.

**I.     BACKGROUND**

By way of background, the Plaintiff filed his Complaint against several Defendants on November 17, 2014.[1] In his Complaint, he provided minimal information and directed the Court to "see attached." The attachment is 128 pages and includes recommendation letters from various individuals, certificates of completion for various courses and programs, pleadings filed in

---

[1] The undersigned was also named in the caption of the Complaint, along with many other officials, including Governor Haslam, Magistrate Judge Susan Lee, Magistrate Judge William Carter, District Judge Curtis Collier, and so forth. There were no allegations against the undersigned, except in the 128 page attachment to the Complaint, which only stated that the Plaintiff did not agree with a previous Report and Recommendation authored by the undersigned.

different cases, documents containing allegations against a number of officials, and other miscellaneous documents.

The Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. 2]. The Court denied the Plaintiff's Motion [Doc. 6] because the application was incomplete. Subsequently, on June 5, 2015, the District Judge ordered the Plaintiff to show cause as to why this action should not be dismissed pursuant to Rule 4 of the Federal Rules of Civil Procedure for insufficient service. On June 23, 2015, the District Judge dismissed the Complaint without prejudice because the Plaintiff failed to respond to the Show Cause Order and failed to serve the summons and the complaint.

On June 30, 2015, after the case had been dismissed, the Plaintiff filed another Application to Proceed *in Forma Pauperis* [Doc. 12].

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 342 (1948); Neitzke v. Williams, 490 U.S. 319 (1989). In sum, § 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25 (1992).

The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigent. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma*

*pauperis*. Adkins, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339.

In the present matter, the Court has considered the Plaintiff's economic status in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that the Plaintiff's Application sets forth grounds for waiving the administrative costs of a lawsuit. The Court notes, however, that the Plaintiff's Complaint has already been dismissed. As mentioned above, the District Judge ordered the Plaintiff to show cause as to why his Compliant should not be dismissed. The Plaintiff failed to respond, and the District Judge dismissed his case. At this point, there is no case to proceed upon. Moreover, the Plaintiff failed to show good cause or provide any argument as to why his case should be reopened. Accordingly, because the Plaintiff's Complaint has already been dismissed and there is no case to proceed upon, the Court denies the Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 12].

### III. CONCLUSION

In sum, the Court finds that the Plaintiff is indigent, but there is no pending complaint to be filed. Accordingly, the Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 12] is **DENIED**, and the Court **RECOMMENDS**[2] that the case not be reopened for failure to show good cause.

Respectfully submitted,

Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not to provide a de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).